UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HILLIARD HARWELL, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. CV 16-8151-KK <br><br><br> MEMORANDUM AND ORDER |

Plaintiff Eric Hilliard Harwell ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). For the reasons stated below, the Court recommends the Commissioner's decision be REVERSED and this action REMANDED for further proceedings consistent with this Order.

## I.
## **PROCEDURAL HISTORY**

On September 12, 2013, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of November 1, 2012. Administrative Record ("AR") at 269-82. Plaintiff's applications were denied initially on January 21, 2014, and upon reconsideration on February 18, 2014. Id. at 101-02, 122-23.

On February 27, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 141-42. On April 30, 2015, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 45-51, 60-66. A medical expert ("ME") and a vocational expert ("VE") also testified at the hearing. Id. at 51-60, 66-75. On June 2, 2015, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 18-35.

On July 27, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 11-15. On September 9, 2016, the Appeals Council denied Plaintiff's request for review. Id. at 1-7.

On November 2, 2016, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on July 26, 2017. Dkt. 20, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on January 17, 1962, and his alleged disability onset date is November 1, 2012. AR at 270, 277. He was fifty years old on the alleged disability onset date and fifty-three years old at the time of the hearing before the ALJ. Id. at 32. Plaintiff completed one year of college and has work experience as a tow truck operator. Id. at 46-47, 50. Plaintiff alleges disability based on back pain, abdominal pain, COPD, congestive heart failure, diabetes, neuropathy, and Bell's palsy. Id. at 63, 77, 89, 112.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing

the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A. STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 1, 2012, the alleged onset date." AR at 23.

**B. STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: diabetes mellitus; hypertension; congestive heart failure; obesity; chronic umbilical wou[n]d; chronic obstructive pulmonary disease (COPD); obstructive sleep apnea; cervical discogenic disease; pancreatitis; depression; amphetamine dependence, currently in remission; and bilateral knee and hip arthritis." Id.

**C. STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 24.

**D. RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: lift and/or carry 10 pounds frequently, 20 pounds occasionally; stand and/or walk 6 hours out of an 8-hour day with the use of a cane to walk outside the immediate work area; sit 6 hours out of an 8-hour day with the ability to stand and stretch every hour estimated to take 1 to 3 minutes per hours; occasionally climb stairs,

4

>    no ladders, ropes, or scaffolds; no work above shoulder level bilateral;
>    occasionally balance, stoop, kneel, crouch, and crawl; avoid even
>    moderate exposure to dust, fumes, and other pulmonary irritants; no
>    work at unprotected heights or work around moving and dangerous
>    machinery; and limited to simple routine tasks.

Id. at 28.

### E.  STEP FOUR

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work." Id. at 32.

### F.  STEP FIVE

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Id. at 33.

## V.

## PLAINTIFF'S CLAIMS

Plaintiff presents four disputed issues: (1) whether the ALJ erred by failing to make a finding regarding the reduction of the light occupational base; (2) whether the ALJ failed to include an adequate accommodation for Plaintiff's use of a cane in the RFC finding; (3) whether the ALJ failed to provide adequate reasons for rejecting the opinions of Plaintiff's treating physician; and (4) whether the ALJ properly assessed Plaintiff's credibility.[2]

---

[2] Social Security Regulations regarding the evaluation of opinion evidence and credibility were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 Fed. Appx. 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); Spencer v. Colvin, No. 15-05925, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking"); cf. Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) ("With respect to claims in which we have

5

The Court finds the third and fourth issues dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

## VI.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation,

---

made a final decision, and that are pending judicial review in Federal court, we expect that the court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the final decision."). Accordingly, the Court applies the versions of 20 C.F.R. §§ 416.927 and 416.929 that were in effect at the time of the ALJ's June 2, 2015 decision.

6

we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which she did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation omitted).

## VII.

## DISCUSSION

### A. THE ALJ ERRONEOUSLY REJECTED DR. SADR'S MEDICAL OPINION

#### 1. RELEVANT FACTS

##### a. Dr. Sadr's Opinion

Dr. Sadr is a family medicine physician who treated Plaintiff at University of California, Irvine Heath Center between April 2014 and July 2015. AR at 1170-75, 1251-61, 1263-67, 1270-74, 1290-94, 1454-58, 1512-18, 1554-60, 1564-80, 1585-88, 1608-12. On May 12, 2014, Dr. Sadr completed a Medical Source Statement on Plaintiff's behalf. Id. at 1034-37. Dr. Sadr stated Plaintiff had been diagnosed with COPD, ventral hernia, diabetes, and diastolic heart failure. Id. at 1034. Dr. Sadr reported Plaintiff suffered from shortness of breath, wheezing, swelling, and abdominal pain, and that his prognosis was fair. Id. Dr. Sadr estimated that Plaintiff's symptoms would "often" interfere with Plaintiff's ability to pay attention and concentrate as required to perform simple work-related tasks. Id.

Dr. Sadr recommended Plaintiff be limited to sitting, standing, and walking each for one hour out of an eight-hour work day, and explained Plaintiff could not "be in one position for an extended period of time secondary to pain and discomfort." Id. Dr. Sadr further estimated Plaintiff could engage in simple

grasping for 80% of an eight-hour work day, pushing and pulling for 50% of an eight-hour work day, and fine manipulation for 100% of an eight-hour work day. Id. at 1035. Dr. Sadr recommended Plaintiff never lift or carry any amount of weight and never squat, crawl, climb, or reach above shoulder level. Id. at 1035-36. Dr. Sadr stated Plaintiff could occasionally bend, but was to be totally restricted from activities involving unprotected heights, moving machinery, exposure to marked changes in temperature and humidity, driving automotive equipment, and exposure to dust, fumes, and gases. Id. at 1036. Finally, Dr. Sadr explained Plaintiff would require unscheduled breaks during an eight-hour day because (1) he needs "to check blood sugars and take medications," (2) he "gets short of breath extremely fast requiring frequent inhaler use," and (3) "[b]ecause of hernia[, he]cannot be in one position for a long time." Id.

### b. ALJ's Rejection of Dr. Sadr's Opinion

The ALJ rejected Dr. Sadr's opinion in favor of the non-examining medical expert. Id. at 30-31. Specifically, the ALJ gave little weight to Dr. Sadr's May 2014 Medical Source Statement. Id. at 31. In rejecting Dr. Sadr's opinion, the ALJ claimed Dr. Sadr's opinion was (1) not supported by the medical record, and (2) is inconsistent with Plaintiff's claims that he spends his days sitting and lying down. Id.

### 2. APPLICABLE LAW

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. §§ 404.1502, 404.1527.

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Garrison v. Colvin, 759 F.3d 995, 1012

(9th Cir. 2014) (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010).

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and internal quotation marks omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation and internal quotation marks omitted); Ryan, 528 F.3d at 1198; Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Garrison, 759 F.3d at 1012. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." Reddick, 157 F.3d at 725. The ALJ "must set forth [her] own interpretations and explain why they, rather than the [treating or examining] doctors', are correct." Id.

While an ALJ is not required to discuss all the evidence presented, she must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Moreover, an ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster her findings. See, e.g., Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

Lastly, while an ALJ is "not bound by an expert medical opinion on the ultimate question of disability," if the ALJ rejects an expert medical opinion's ultimate finding on disability, she "must provide 'specific and legitimate' reasons for rejecting the opinion." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.

9

2008) (quoting Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995), as amended (Apr. 9, 1996)). An ALJ is not precluded from relying upon a physician's medical findings, even if she refuses to accept the physician's ultimate finding on disability. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 754 (9th Cir. 1989).

### 3. ANALYSIS

Here, because Dr. Sadr's opinions were contradicted by the other medical evidence of record, the ALJ was required to present "specific and legitimate reasons that are supported by substantial evidence in the record" to reject Dr. Sadr's opinions. Carmickle, 533 F.3d at 1164 (citation and internal quotation marks omitted); Ryan, 528 F.3d at 1198; Ghanim, 763 F.3d at 1160-61; Garrison, 759 F.3d at 1012. As set forth below, although the ALJ presented specific reasons, they are not legitimate or supported by the record.

#### a. Objective Medical Evidence

First, the ALJ rejected Dr. Sadr's opinion because it was not supported by objective medical evidence. AR at 31. In rejecting Dr. Sadr's opinion based on a lack of objective medical evidence, the ALJ reasoned: "The problem [with Dr. Sadr's opinion] is that the level of symptoms corroborated in the file are not consistent with this opinion. [Plaintiff's] lung functioning is only mildly reduced and not near the level of dysfunction necessary to say he can only sit, stand and walk for 1 hour each in a normal workday." Id.

By focusing on Plaintiff's lung functioning, however, the ALJ did not account for the other impairments relied upon by Dr. Sadr in her assessment. Specifically, the ALJ did not account for Dr. Sadr's consideration of Plaintiff's pain caused by abdominal hernias, which were unresolved after surgery and resulted in ongoing complications with open wounds. Id. at 397, 408, 415-16, 419, 422, 428, 430-31, 443, 454, 457-60, 464, 478, 480-81, 485-86, 497-98, 502-03, 536, 543, 548, 557, 559, 624-26, 628-29, 633, 641, 654-58, 772, 813, 894-95, 897, 905, 907, 1080, 1084, 1091, 1173-75, 1219, 1227, 1230-31, 1251, 1255, 1257, 1259, 1260, 1271-72,

1276, 1291, 1293, 1295, 1315-16, 1324, 1329-30, 1333, 1437-38, 1554, 1559, 1561-64, 1574, 1579, 1590-91, 1611, 1613. Significantly, Dr. Sadr's assessment noted Plaintiff's hernias prevented him from remaining "in one position for a long time." Id. at 1036. Yet, the ALJ failed to explain why she was rejecting this reasoning in Dr. Sadr's assessment.

Furthermore, contrary to the ALJ's findings, there does appear to be objective medical evidence addressing Plaintiff's lung functioning to support Dr. Sadr's opinion. While the record does not support a severe lung impairment, the medical evidence does show Plaintiff suffered from some cardiac dysfunction with intermittent reduced ejection fraction rates, id. at 448, 600, 619, 622, 626, 643, 767, 1233-34, 1355-56, 1365-66, and lung impairments resulting in intermittent wheezing, coughing, shortness of breath, congestion, rales, crackles, and rhonchi. Id. at 419, 431, 459, 462, 522, 527, 548, 702-03, 767, 772, 786, 830, 834-35, 853, 855, 1219, 1242, 1265, 1275, 1310, 1315-16, 1324-25, 1330, 1442, 1445, 1448, 1451, 1487, 1558, 1560, 1573, 1666, 1670.

Thus, because the ALJ's finding did not account for all of the physical impairments cited by Dr. Sadr and because there appears to be objective evidence supporting Plaintiff's lung and cardiac limitations, the ALJ's reliance on a lack of objective medical evidence is not a legitimate reason for rejecting Dr. Sadr's opinions.

### b. Plaintiff's Allegations of Impairment

The ALJ additionally rejected Dr. Sadr's opinion because she concluded the opinion was inconsistent with Plaintiff's allegations that he spends his days sitting and lying down. Id. at 31. Plaintiff testified at the hearing before the ALJ that he mostly sits and lies down throughout the day. Id. at 62. Plaintiff estimated he can sit still for only five to ten minutes at a time, and that he can sit for twenty to thirty minutes at a time if allowed to move around. Id. at 61, 63-64. However, nothing about Plaintiff's claims is inherently inconsistent with Dr. Sadr's recommendation

11

that Plaintiff be limited to sitting for a total of one hour out of an eight-hour day. While Plaintiff testified that under certain conditions he could sit for twenty to thirty minutes at a time, he did not state how often within an eight-hour period he could do so. Moreover, while he claimed to spend most of his days sitting and lying down, he did not estimate how much time he spent in each position. Thus, Plaintiff's testimony that he spends most of the day sitting and lying down is not inconsistent with Dr. Sadr's opinions, and therefore, does not constitute a legitimate reason, supported by the record, for rejecting Dr. Sadr's opinion.

### B. THE ALJ ERRONEOUSLY REJECTED PLAINTIFF'S SUBJECTIVE COMPLAINTS OF IMPAIRMENT

#### 1. RELEVANT FACTS

##### a. Plaintiff's Testimony Regarding His Impairments

Plaintiff testified at the hearing before the ALJ that he was no longer able to perform his work as a tow truck driver because his physical impairments prevented him from bending, lifting, pushing, and pulling. AR at 47. He further testified that he climbs a few steps leading to his apartment, but that he takes a break while climbing them. Id. at 48. Plaintiff estimated he can sit still and stand each for about five to ten minutes at a time, but that he can sit for about twenty to thirty minutes at a time if he is able to move around. Id. at 61, 63-64. He further estimated he could be on his feet for a total of two hours out of an eight-hour day. Id. at 61. Plaintiff explained that his back pain, breathing problems, and abdominal pain make it difficult for him to stand. Id. at 61-62. He testified that he spends his days mostly sitting and lying on his side. Id. at 62. He is able to do some housework such as washing dishes and vacuuming, but he does them in fifteen-minute increments for a total of one hour out of the day. Id. at 62-63. He explained that if he pushed himself beyond this level of activity, it exacerbates his respiratory problems and his back and abdominal pain. Id. at 63.

///

### b. The ALJ's Adverse Credibility Finding

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely credible." Id. at 29. In support of this finding, the ALJ purported: (1) Plaintiff has not complied with the treatment recommendation to lose weight; and (2) Plaintiff's allegations regarding significant shortness of breath are not supported by the objective medical evidence. Id. at 31-32.

### 2. APPLICABLE LAW

If "the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect." Robbins v. Social Security Administration, 466 F.3d 880, 883 (2006) (citations omitted). The ALJ's credibility determination must be supported by "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks omitted).

The ALJ is required to engage in a two-step analysis. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations and internal quotation marks omitted). "If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Id. (citations and internal quotation marks omitted). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.

1996); see also Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) (holding "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination").

"If the ALJ's credibility finding is supported by substantial evidence, [a court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). However, an ALJ's failure to give specific, clear, and convincing reasons to reject the claimant's testimony regarding the severity of the symptoms is not harmless, because it precludes the Court from conducting a meaningful review of the ALJ's reasoning. Brown-Hunter, 806 F.3d at 489.

### 3. ANALYSIS

After finding Plaintiff suffered from "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms," and in the absence of any indication of malingering, the ALJ was required to offer specific, clear, and convincing reasons for rejecting Plaintiff's subjective complaints of impairment. AR at 29; Molina, 674 F.3d at 1112. The ALJ failed to provide such reasons.

#### a. Noncompliance with Treatment

First, the ALJ relied on Plaintiff's failure to comply with the treatment recommendation to lose weight. AR at 32. However, the record reflects Plaintiff attempted to watch his diet and includes a period when he successfully lost twenty pounds. Id. at 1291, 1455. In addition, Plaintiff was a long-term participant in the weight loss program at the VA clinic, but was unsuccessful in his attempts to lose weight. Id. at 1251, 1390, 1395, 1407, 1410-12, 1414-15, 1418, 1424, 1436 1570. Although it may be true that Plaintiff was unable to lose the weight recommended by his physicians, the record supports a finding that Plaintiff attempted to lose the weight and was not consciously refusing to comply with his treatment regimen. Accordingly, this is not a clear and convincing reason for rejecting Plaintiff's

subjective complaints of impairment. See Muldoon v. Colvin, No. CV 13-5188-DFM, 2014 WL 4494461, at *3 (C.D. Cal. Sept. 12, 2014) ("[A]n obese claimant's failure to follow [] doctor's recommendation to lose weight, as opposed to [a] failure to follow 'prescribed treatment,' may not be used to support an adverse credibility determination." (citing Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007)).

### b. Objective Medical Evidence

The ALJ additionally cited the lack of support from the objective medical evidence as a reason for rejecting Plaintiff's subjective complaints. AR at 31-32. Specifically, the ALJ noted Plaintiff's "allegations of shortness of breath would lead one to believe the objective tests are worse than they show in the objective medical records." Id. at 31. However, as discussed above, there is objective medical evidence to show Plaintiff suffered from lung impairments resulting in intermittent wheezing, coughing, shortness of breath, congestion, rales, crackles, and rhonchi. Id. at 419, 431, 459, 462, 522, 527, 548, 702-03, 767, 772, 786, 830, 834-35, 853, 855, 1219, 1242, 1265, 1275, 1310, 1315-16, 1324-25, 1330, 1442, 1445, 1448, 1451, 1487, 1558, 1560, 1573, 1666, 1670.

Nevertheless, even if the Court found there is no objective medical evidence to support Plaintiff's subjective complaints, a lack of objective medical evidence, alone, cannot support an ALJ's rejection of a plaintiff's subjective complaints of impairment. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (holding a lack of objective medical evidence supporting claimant's symptoms and limitations cannot, by itself, support a credibility finding); Mendoza v. Berryhill, 2017 WL 2874622, at *1 (C.D. Cal. July 5, 2017) ("[T]he purported lack of objective medical evidence supporting Plaintiff's complaints cannot, by itself, support the credibility determination."). Thus, absent other specific, clear, and convincing reasons[3] for

---

[3] It appears the ALJ made some attempt to base a portion of her credibility determination on a finding that Plaintiff's subjective complaints of impairment are inconsistent with Plaintiff's daily activities. See AR at 32. However, the ALJ's

15

rejecting Plaintiff's subjective complaints, the ALJ's conclusion that Plaintiff's limitations are not supported by the objective medical evidence is not sufficient to support an adverse credibility determination. Molina, 674 F.3d at 1112.

# VIII.
# **RELIEF**

**A.    APPLICABLE LAW**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

In this case, the record has not been fully developed. The ALJ must specifically provide specific and legitimate reasons for rejecting the medical opinions of Dr. Sadr, and clear and convincing reasons for rejecting Plaintiff's subjective complaints of impairment. Accordingly, remand for further proceedings is appropriate.

---

ultimate finding in that regard was that, despite Plaintiff's claims that his daily activities are limited, his allegations are not supported by the medical evidence. Id. As discussed above, a lack of objective medical evidence, on its own, cannot support an ALJ's rejection of Plaintiff's subjective complaints. Rollins, 261 F.3d at 857; Mendoza, 2017 WL 2874622, at *1.

# IX.
# **RECOMMENDATION**

For the foregoing reasons, it is recommended that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.

Dated: August 31, 2017

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge