UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HILLIARD HARWELL,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. CV 16-8151-KK<br><br><br>ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

# I.
# **INTRODUCTION**

Plaintiff Eric Hilliard Harwell's ("Plaintiff's") counsel, Jane Cervantes of the Law Offices of Jane Cervantes ("Counsel"), filed a Motion for Attorney's Fees Under the Equal Access to Justice Act ("Motion"). The Motion seeks an award of $7,201.00 for representing Plaintiff in an action to obtain Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). For the reasons stated below, the Court GRANTS IN PART the Motion.

///
///
///
///

## II.
## **RELEVANT BACKGROUND**

On November 1, 2016, Plaintiff filed the complaint in this action. See ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleged Defendant improperly denied Plaintiff's application for benefits. Id.

On July 26, 2017, the parties filed a Joint Stipulation ("JS"). Dkt. 20, JS.

On August 31, 2017, the Court found Defendant erred in denying Plaintiff benefits and entered Judgment reversing and remanding the case to Defendant for further administrative proceedings. Dkt. 22, Judgment.

On November 29, 2017, Counsel filed the instant Motion Under the Equal Access to Justice Act seeking the amount of $7,201.00 for representing Plaintiff in the underlying proceedings before the Court. Dkt. 23. According to Counsel, 37.9 hours were expended on Plaintiff's case. Dkt. 23-2, Ex A. Counsel seeks compensation pursuant to a contingency fee agreement assigning Plaintiff's rights in any fees payable under the EAJA to Counsel. Dkt. 23-3, Ex. B, Contingency Fee Agreement.

On December 14, 2017, Defendant filed an Opposition to the Motion stating the hours Counsel seeks are unreasonable "given [Counsel]'s scant reliance on the record, his extensive reliance on boilerplate from documents previously filed by Plaintiff's attorney, and the limited analysis contained in the briefing." Dkt. 24, Opp. at 3. On December 22, 2017, Counsel filed a Reply. Dkt. 25. Thus, the Court deems this matter submitted.

## III.
## **DISCUSSION**

**A.     The Equal Access to Justice Act Entitles Plaintiff to Fees**

    **1.     Applicable Law**

The Equal Access to Justice Act ("EAJA") requires a court to "award to a prevailing party other than the United States fees and other expenses . . . incurred

by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Courts have the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001); Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts can exclude hours that were not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); see also Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (applying Hensley to EAJA fees); Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir. 1998).

In determining reasonableness, courts must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998). In determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008).

**2. Analysis**

Here, Counsel seeks an award in a total amount of $7201.00 based upon 37.9 hours of services at $190.00 per hour. Dkt. 23. Defendant argues that the amount of hours is not reasonable and seeks a "total reduction of $3,154.00, for a total allowable fee of $4,047.00." Dkt. 24, Opp. at 8. Specifically, Defendant seeks to reduce the 15 hours Counsel indicates he spent reviewing the record and

3

identifying issues for brief by 7 hours; and the 18.6 hours Counsel indicates he spent drafting the Joint Stipulation by 7.6 hours. <u>Id.</u> at 6, 8.

   **a.** **Counsel's time spent prior to filing and reviewing the record and identifying issues is reasonable**

Defendant seeks to deduct the total 2 hours Counsel spent prior to the filing of the complaint because EAJA "does not compensate work performed before a civil action is filed." Dkt. 24, Opp. at 8. However, Counsel is not precluded from seeking compensation for work performed prior to filing the complaint. <u>See</u> <u>Griffin v. Colvin</u>, No. CV 15-535-E, 2016 WL 845254, at *6 (C.D. Cal. Mar. 4, 2016) (rejecting Defendant's argument that plaintiff cannot seek compensation for work prior to filing the action); <u>see also</u> <u>Thompson v. Astrue</u>, No. 2:11-CV-0429 EFB, 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012) (rejecting similar argument). Moreover, there is nothing in the record indicating this limited time was unreasonable.

Defendant also seeks to reduce the 15 hours Counsel indicates he spent reviewing the record and identifying issues for briefing by 7 hours. Dkt. 24, Opp. 3, 6. Defendant argues Counsel merely string cited to the medical records, without parentheticals which could "easily be obtained by a quick scan of the record," and Counsel's identification of issues was "limited" by the appeal. <u>Id.</u> at 6 & n.9. However, Counsel was only Plaintiff's appellate counsel in federal court and needed to gain "familiarity" with the administrative record. Dkt. 25, Response at 2. Moreover, regardless of which portions of the record were ultimately cited, Counsel would need to do more than a "quick scan" of the 1705-page record in order to properly review the evidence and identify issues for appeal. Hence, the Court finds the 15 hours spent reviewing the record and identifying issues for the brief are reasonable.

///

///

1  **b.    Counsel's time spent drafting the joint stipulation is unreasonable**

As a preliminary matter, Counsel's itemized time entries are in a block-billing format with the total daily time spent working on Plaintiff's case rather than itemizing time expended on specific tasks.[1]  See Dkt. 23-2, Ex A.  "[B]lock-billing," which bundles tasks by day or by a block of time rather than itemizing the time spent on specific tasks, makes it "extremely difficult for a court to evaluate the reasonableness of the number of hours expended." J & J Sports Prods., Inc. v. Barajas, No. 115-CV-01354-DAD-JLT, 2017 WL 469343, at *4 (E.D. Cal. Feb. 2, 2017).  Where a counsel's time entries are not sufficiently detailed as a result of block-billing, the court should either request more information or "simply reduce[] the fee to a reasonable amount." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

In addition, the Court finds the 18.6 hours Counsel indicates he spent drafting Plaintiff's portion of the Joint Stipulation are unreasonable because Plaintiff's briefing was largely recycled from prior cases.  The Joint Stipulation addressing four issues spans forty-three pages, of which twenty-one pages are Plaintiff's portion.  See JS.  Upon review, Plaintiff's portion of the Joint Stipulation appears to have been largely copied and pasted from those prepared by Counsel in other cases.  For example, Plaintiff's fourth argument, which makes up about four pages, is almost entirely copied and pasted verbatim with the exception of one footnote and several sentences.  JS at 34-38; see Dkt. 24, Opp. at 5 & n.8; see also Dkt. 24-3, Ex. C; Dkt. 24-3, Ex. D.  Similarly, three of the five pages comprising Plaintiff's first argument appear to be copied and pasted from prior joint stipulations.  JS at 4-9; see Dkt. 24, Opp. at 3-4 & nn. 2-3; see also Dkt. 24-1, Ex. A;

---

[1] Counsel's time entries in drafting the Joint Stipulation, for a total of 18.6 hours, are the following: On April 19, 2017, 7.7 hours to begin first draft of brief; on April 20, 2017, 6.8 hours to draft and edit brief; and on May 1, 2017, 4.1 for final edit of brief and submission of Plaintiff's portion of Joint Stipulation to Defendant for review.  Dkt. 23-2, Ex A.

Dkt. 24-2, Ex. B. Additionally, nearly half of the six pages comprising Plaintiff's second argument is copied and pasted from prior joint stipulations. JS at 16-22; see Dkt. 24, Opp. at 4-5 & nn. 5-6; see also Dkt. 24-1, Ex. A; Dkt. 24-2, Ex. B.

Accordingly, because (1) Plaintiff's portion of the Joint Stipulation is largely recycled material from prior cases, and (2) Counsel's block-billing prevents the Court from discerning how much time was approximately spent on different arguments of the Joint Stipulation, the Court deducts 4.6 hours from the 18.6 hours spent on the Joint Stipulation. See Phillips v. Colvin, No. ED CV 14-0935-DFM, 2016 WL 2758250, at *6 (C.D. Cal. May 12, 2016) (reducing 8 hours from the 16 hours spent on researching and preparing the joint stipulation because portions were "copied and pasted" from counsel's other cases); see also Fouissi v. Astrue, No. 07-0445 DLB, 2008 WL 2018344, at *3 (E.D. Cal. May 6, 2008) (reducing 9 hours from the number of hours spent researching and drafting a fees motion where the motion and supporting documentation contained mainly boilerplate-type language, with some customization). Hence, the Court awards EAJA fees in the reduced amount of $6,327.00.[2]

**B.    Fees May Be Paid To Plaintiff's Counsel, Absent Any Offset For Plaintiff's Outstanding Federal Indebtedness**

   **1.    Applicable Law**

Generally, an EAJA fee award is payable to a prevailing plaintiff rather than to his attorney. Astrue v. Ratliff, 560 U.S. 586, 596-97, 130 S. Ct. 2521, 2529, 177 L. Ed. 2d 91 (2010). Such payment is offset to satisfy any pre-existing debt the plaintiff owes to the federal government. Id. However, when the plaintiff validly assigns his EAJA fee award to his attorney, the amount awarded, subject to any offset, should be paid directly to the attorney. See Phillips v. Colvin, No. CV 12-5308 RNB, 2016 WL 2758250, at *6 (C.D. Cal. May 12, 2016) ("Like this Court, a

---

[2] A deduction of 4.6 hours from Counsel's total of 37.9 amounts to an award of 33.3 hours at $190.00 per hour for a total of $6,327.00.

number of other courts in this district have concluded that Ratliff does not preclude direct payment to a plaintiff's counsel where there has been a valid assignment, subject to an offset."); Cunningham v. Colvin, No. CV 13-1094-E, 2014 WL 3737957, at *5 (C.D. Cal. July 29, 2014) (stating if the government determines a plaintiff does not owe a federal debt, then the government shall cause her EAJA award to be made directly to her counsel, to whom she validly assigned the EAJA award).

**2. Analysis**

Here, Defendant may pay EAJA fees to Plaintiff's counsel, subject to Plaintiff's outstanding federal indebtedness. Astrue, 560 U.S. at 596-97. While Defendant argues EAJA fees must be payable to Plaintiff, Dkt. 24, Opp. at 8, Plaintiff appears to have validly assigned his EAJA fees to Counsel. Moreover, Defendant's Opposition does not challenge the validity of Plaintiff assigning his EAJA fees to Counsel in the contingency fee agreement. Dkt. 23-3, Ex. B, Contingency Fee Agreement. Thus, subject to any offset, Counsel is entitled to direct payment of Plaintiff's EAJA award.

**IV.**

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED IN PART**; and (2) Defendant is directed to pay Counsel the sum of $6,327.00, subject to Plaintiff's outstanding federal debts.

Dated: January 09, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge